1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  PAUL RICHARD GARRISON,                Case No. 3:24-cv-01285-L-DEB

12                        Plaintiff,      **ORDER DENYING MOTION TO
                                          DISMISS**
13  v.

14  JEFF MACOMBER, Secretary for the      [ECF No. 5]
    California Department of Corrections and
15  Rehabilitation, in his official capacity; and
16  JAMES HILL, Warden of Richard J.
    Donovan Correctional Facility, in his
17  individual and official capacities,

18                        Defendants.

19

20

21          Pending before the Court is Defendants Jeff Macomber and James Hill's (together,

22  "Defendants") motion to dismiss for failure to state a claim.  (ECF No. 5.)  Plaintiff Paul

23  Richard Garrison filed an opposition, and Defendants filed a reply.  (ECF Nos. 6, 7.)

24  This matter is appropriate for decision without oral argument.  *See* Civ. L. R. 7.1(d)(1).

25  For the reasons stated below, Defendants' motion is denied.

26  / / / / /

27

28

## A.   BACKGROUND

Plaintiff Paul Richard Garrison is an inmate at Richard J. Donovan Correctional Facility ("RJD")[1] suffering from multiple disabilities.  Plaintiff is deaf and requires the use of communication techniques such as sign language, writing on a whiteboard, or use of electronic devices that translate spoken words into text.  The prison staff and Plaintiff used these techniques for Plaintiff's day-to-day communication at RJD.  A large sign in Plaintiff's cell indicated that Plaintiff was deaf.  In addition, Plaintiff has mobility disabilities from spinal and other injuries that make it difficult for him to walk without a cane or walker.  Plaintiff had been assigned a walker three years prior to the incident.  His record with California Department of Corrections and Rehabilitation ("CDCR") indicated that due to these injuries, he could only be restrained with his hands in front of him.  Finally, Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD") that sometimes causes him debilitating flashbacks.  These disabilities were documented in Plaintiff's CDCR medical records and RJD staff knew about them.  Plaintiff was undergoing continued mental health treatment in which he learned techniques to cope with PTSD flashbacks.  Plaintiff had no disciplinary infractions during the decade preceding the incident.

On May 12, 2023, Plaintiff experienced a severe PTSD flashback in his cell and asked for help.  He was on the ground.  Eight RJD guards responded to a call for help from Plaintiff's cellmate.  They entered Plaintiff's cell and forcibly restrained Plaintiff without attempting to effectively communicate with him although they knew he was deaf and could not hear them.  The guards restrained and extracted Plaintiff from his cell by bending his arms, strapping him with his hands behind his back to a restraint device, and laying him down on his back on top of his arms, causing him excruciating pain

---

[1]   All background facts are taken from the complaint.  (ECF No. 1 ("Compl.").)  For the purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F. 3d 336, 337-38 (9th Cir. 1996).

exacerbated by his pre-existing spinal injuries.  The guards also struck, kneed, and/or kicked Plaintiff in the ribs.

Plaintiff was hospitalized for the injuries he sustained in the incident, including at least nine fractures on six ribs and a collapsed lung.  Plaintiff was hospitalized as a high-risk trauma patient for several days.  He continues to suffer frequent and at times intense pain from this incident in part because his rib fractures remain "ununited."

Based on the foregoing, Plaintiff filed this action seeking damages against Defendants and unnamed prison staff (unnamed prison staff are referred to as "Doe Defendants").  Macomber is the CDCR Secretary sued in his official capacity.  Hill is the RJD Warden[2] sued in his individual and official capacities.  The Doe Defendants are prison guards, medical staff, and the supervisors responsible for training and supervision.  Plaintiff alleges (1) violations of federal disability laws; (2) excessive force in violation of the Eighth and Fourteen Amendments to the United States Constitution; (3) violation of California's Bane Act; and (4) negligence.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

**B.    DISCUSSION**

Pending before the Court is Defendants' motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim as to the second and fourth causes of action.  A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[3]  The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)

---

[2]     At the time of the incident, Hill was the acting warden.

[3]     Unless otherwise noted, internal citations, quotation marks, ellipses, and brackets are omitted from citations.

("*Twombly*").  The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  *Cahill*, 80 F.3d at 337–38.  However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### 1.    Excessive Force

Defendants argue that Plaintiff's excessive force claim under the Fourteenth Amendment of the United States Constitution must be dismissed as it should be presumed to be subsumed by the Eighth Amendment.  However, Plaintiff does not assert a free-standing Fourteenth Amendment claim but seeks enforcement of his Eighth Amendment rights.  Fourteenth Amendment applies the Eighth Amendment to the States. *McDonald v. City of Chicago*, 561 U.S. 742, 764-65 & n. 12 (2010).  Accordingly, Plaintiff properly brings his claim under the Eighth and Fourteenth Amendments.

### 2.    Negligence

Plaintiff's negligence claim against Hill in his individual capacity is based on the theory that he failed to adequately "train Doe Defendants regarding the use of force, effective communication, and disability accommodations."  (Compl. ¶ 75.)  Defendants argue that California Government Code section 820.8 immunizes Hill from liability for the negligent acts of correctional officers under his supervision.

/ / / / /

Section 820.8 provides in full:

> Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.  Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.

Cal. Gov't Code § 820.8.  Under this provision, "supervisory personnel whose personal involvement is not alleged may not be responsible for the acts of their subordinates under California law." *Milton v. Nelson*, 527 F.2d 1158, 1159 (9th Cir. 1975); *see also Weaver by & through Weaver v. State*, 63 Cal.App.4th 188, 202-03 (1998) (a Commissioner of CHP officers was not liable because he did not train officers and was not personally involved in the incident in any way).

Here, the claim against Hill is not that he is vicariously liable for Doe Defendants' negligence but that he himself was negligent in training them.  Plaintiff alleges that Hill was "legally responsible for implementation of policies and procedures, staff training, and the safety and security of inmates at RJD" and "failed to provide adequate training" to Doe Defendants.  (Compl. ¶¶ 7, 42.)  Because Section 820.8 does not immunize Hill's alleged negligence, Defendants' argument is rejected.

Plaintiff also alleges a negligence claim against Hill and Macomber in their official capacities.  Defendants' argument that Section 820.8 immunizes them from this claim is rejected.  Section 820.8 is inapplicable to official-capacity claims because such claims are against the State itself rather than the individual.  "Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.  Suits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Accordingly, the official-capacity claims against Macomber and Hill are, in essence, claims against the State of California and CDCR.  California law allows for liability against state agencies for acts of their employees.  Cal. Gov't Code § 815(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity

within the scope of his employment."). Defendants' argument for dismissal of the negligence claim against them in their official capacities is rejected.

Finally, for the first time in their reply brief, Defendants argue that Plaintiff must allege a "special relationship" between Defendants and Plaintiff to state a negligence claim. It is not clear if Defendants are making this argument about Plaintiff's individual or official capacity negligence claim. Regardless, it is inappropriate to raise new arguments in the reply, because it deprives the opposing party of an opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")

**C.    CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: June 23, 2025

Hon. M. James Lorenz
United States District Judge